RONALD LEE GILMAN, Circuit Judge,
dissenting.
Because I agree that Hawkins’s 60-year sentence is substantively reasonable, I understand the temptation to find that it is also procedurally reasonable. And I agree with the majority that the district court properly calculated the applicable Guidelines range and discussed the various 18 U.S.C. § 3553(a) sentencing factors. But I respectfully disagree with the majority’s conclusion that the district court adequately explained its reasons for the sentence imposed. I therefore believe that Hawkins’s sentence is procedurally unreasonable.
The third consideration in reviewing a sentence for procedural reasonableness is whether the district court “adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties’ arguments for an outside-Guidelines sentence.” United States v. Bolds, 511 F.3d 568, 581 (6th Cir.2007).
At sentencing a “judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). “The appropriateness of brevity or length, conciseness or detail ... depends upon the circumstances.” Id. But where a party presents nonfrivolous reasons for imposing a particular sentence, a “judge will normally go further and explain why he has rejected those arguments.” Id. at 357, 127 S.Ct. 2456; see also United States v. Wallace, 597 F.3d 794, 806-08 (6th Cir.2010) (remanding the case for resentencing because the record did not reflect whether the district court considered the defendant’s primary, nonfrivolous argument for a lesser sentence).
As the majority notes, Hawkins presented six arguments in his sentencing memorandum for why the district court should have granted him a downward variance. The district court addressed only one of these arguments — the need to avoid sentencing disparities among defendants. And this factor provided the primary basis, if not the sole basis, for the sentence imposed. But there is nothing in the sentencing transcript to show that the court read, much less considered, Hawkins’s sentencing memorandum, which included at least one nonfrivolous argument in support of a downward variance.
“The district judge in this case did not make even a cursory mention” of Hawkins’s other arguments for a below-Guidelines sentence. See Wallace, 597 F.3d at 804. In fact, the court’s entire reasoning for why it imposed a 60-year sentence *851 appears in two and a half pages of the sentencing transcript. The court’s utter failure to acknowledge Hawkins’s other arguments and at least briefly explain why it was rejecting them constitutes, in my opinion, an abuse of discretion. As a result, I conclude that Hawkins’s sentence is procedurally unreasonable. I would therefore vacate his sentence and remand the case for resentencing.